# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD K. KINCHION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-1203-MLB-KGG |
| | ) |
| CESSNA AIRCRAFT COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

Now before the Court is Plaintiff's Motion for Appointment of Counsel. (Doc. 71.) Plaintiff was previously represented by counsel, who filed and prosecuted the case on Plaintiff's behalf until his Motion to Withdraw was granted on February 20, 2013. (Doc. 70, text entry.) Having reviewed Plaintiff's submission, in addition to his most recently filed Complaint (Doc. 64), the Court **DENIES** Plaintiff's motion.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

In considering the first *Castner* factor, Plaintiff has provided the Court with no evidence by which it could determine his financial need. Although Plaintiff indicates in the form Motion for Appointment of Counsel that he is or has provided an Affidavit of Financial Status (Doc. 71, at 2), none was filed with the motion and the Court has been unable to locate any such affidavit filed in this case. Rather than require Plaintiff to submit the financial affidavit, however, the Court notes that one remaining factor weighs against appointment of counsel, discussed below. As such, the affidavit will not be necessary for the Court's determination.

Defendant argues that Plaintiff has not satisfied the second *Castner* factor – engaging in a diligent search for counsel. (*See* Doc. 3.) Defendant that "[i]f Plaintiff believes his case is of such value that a local attorney should be appointed

to take it *pro bono*, one would think that he would have cast a wider net in his search for an attorney over the last two and a half months." (Doc. 72, at 4.) Defendant's argument has no persuasive value considering the fact that Plaintiff has, at a minimum, contacted the number of attorneys (six) required by the Court's form motion. (*See* Doc. 71.)

In considering the final **Castner** factor, Plaintiff's ability to represent himself, Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. Further, Plaintiff has provided the Court with no discussion as to why he should be entitled to an attorney other than the fact that he

had previously retained one on his own. Although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel. Plaintiff's Motion to Appoint Counsel is **DENIED**.

Plaintiff's form motion also includes a hand-written, one sentence request that the Court "postpone all activity on case till [sic] counsel can be provided, in the interest of justice, being done, thank you." (Doc. 71., at 2.) Because the Court has denied Plaintiff's request for counsel – and Plaintiff has provided no other basis for the Court to enter a stay – this portion of Plaintiff's motion is also **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 71) is **DENIED**.

Dated at Wichita, Kansas, on this 5th day of April, 2013.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge